**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07012
(973) 596-4500

*Attorneys for Plaintiff*
*Aurinia Pharmaceuticals Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AURINIA PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> HIKMA PHARMACEUTICALS USA INC., <br><br> Defendant. | Civil Action No. 25-2580 <br><br> *Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Aurinia Pharmaceuticals Inc. ("Aurinia") brings this Complaint for patent infringement against Defendant Hikma Pharmaceuticals USA Inc. ("Hikma") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Hikma. This action relates to Abbreviated New Drug Application ("ANDA") No. 219663 ("Voclosporin ANDA") filed by Hikma with the U.S. Food and Drug Administration ("FDA") for approval to market, manufacture, use, import, offer to sell, and/or sell generic versions of Aurinia's LUPKYNIS® (voclosporin) drug product ("generic voclosporin products") prior to expiration of Aurinia's U.S. Patent No. 10,286,036 ("the '036

1

patent") and U.S. Patent No. 11,622,991 ("the '991 patent"), that are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for LUPKYNIS®.

## THE PARTIES

2. Aurinia is a corporation organized and existing under the laws of Canada, having a principal place of business at #140, 14315 – 118 Avenue Edmonton, AB T5L 4S6 Canada.

3. Aurinia is a research-driven pharmaceutical company that discovers, develops, manufactures, and markets innovative products to improve health in patients with autoimmune diseases, including lupus nephritis.

4. On information and belief, Hikma is a corporation organized under the laws of Delaware, having a principal place of business at 200 Connell Drive, 4th Floor, Berkeley Heights, New Jersey 07922.

5. On information and belief, Hikma is in the business of, among other things, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of New Jersey.

## JURISDICTION AND VENUE

6. Each of the preceding paragraphs 1–5 is re-alleged and re-incorporated as if fully set forth herein.

7. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, including 35 U.S.C. § 271.

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a).

9. This Court has personal jurisdiction over Hikma.

10. On information and belief, Hikma directly and/or indirectly has committed an act of infringement in this judicial district by preparing, aiding in the preparation, and/or filing ANDA

No. 219663 with the intent to make, use, sell, offer for sale, and/or import the generic voclosporin products in or into this judicial district, prior to the expiration of the '036 and '991 patents. On information and belief, Hikma directly and/or indirectly will engage in marketing, sale, and distribution of the generic voclosporin products in New Jersey upon approval of its Voclosporin ANDA. On information and belief, such generic voclosporin products will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey. Additionally, on information and belief, Hikma directly and/or indirectly will offer its generic voclosporin products for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

11. On information and belief, Hikma has engaged in systematic and continuous business contacts within the State of New Jersey. For instance, on information and belief, Hikma maintains a regular and established, physical place of business in the District of New Jersey, at 200 Connell Drive, 4th Floor, Berkeley Heights, New Jersey 07922. On information and belief, Hikma operates in New Jersey to develop, manufacture, import, market, distribute, offer for sale, and/or sell generic drugs throughout the United States, including New Jersey.

12. Further, on information and belief, Hikma directly and/or indirectly has established distribution channels for its generic drug products in New Jersey and derives substantial revenue from the sale of drug products in New Jersey. For instance, on information and belief, Hikma is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100487525. On information and belief, Hikma is registered with the State of New Jersey's Department of Health as a drug wholesaler under Registration No. 5002130.

13. On information and belief, Hikma has availed itself of the rights, benefits, and privileges of this Court by asserting counterclaims in at least the following District of New Jersey actions: *American Regent, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-11118 (D.N.J.); *Axsome Malta Ltd. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-10620 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories Ltd.*, Civil Action No. 24-9209 (D.N.J.); *American Regent, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-7803 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories, Ltd.*, Civil Action No. 24-4608 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories Ltd.*, Civil Action No. 23-20354 (D.N.J.); *Janssen Pharmaceuticals, Inc. v. Hikma Pharmaceuticals USA, Inc.*, Civil Action No. 23-2942 (D.N.J.); *Celgene Corporation v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 21-10398 (D.N.J.); *Corcept Therapeutics, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 21-5034 (D.N.J.); *Celgene Corporation v. Hikma Pharmaceuticals International Ltd.*, Civil Action No. 18-13477 (D.N.J.).

14. On information and belief, Hikma has previously been sued in this Judicial District and did not challenge personal jurisdiction. *See, e.g.*, *American Regent, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-11118 (D.N.J.); *Axsome Malta Ltd. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-10620 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories Ltd.*, Civil Action No. 24-9209 (D.N.J.); *American Regent, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-7803 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories, Ltd.*, Civil Action No. 24-4608 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories Ltd.*, Civil Action No. 23-20354 (D.N.J.); *Janssen Pharmaceuticals, Inc. v. Hikma Pharmaceuticals USA, Inc.*, Civil Action No. 23-2942 (D.N.J.); *Celgene Corporation v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 21-10398 (D.N.J.); *Corcept Therapeutics, Inc. v.*

*Hikma Pharmaceuticals USA Inc.*, Civil Action No. 21-5034 (D.N.J.); *Celgene Corporation v. Hikma Pharmaceuticals International Ltd.*, Civil Action No. 18-13477 (D.N.J.).

15. On information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

16. On information and belief, venue is proper against Hikma in this judicial district because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

17. Hikma did not contest venue in this judicial district in at least the following actions: *American Regent, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-11118 (D.N.J.); *Axsome Malta Ltd. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-10620 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories Ltd.*, Civil Action No. 24-9209 (D.N.J.); *American Regent, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 24-7803 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories, Ltd.*, Civil Action No. 24-4608 (D.N.J.); *Axsome Malta Ltd. v. Alkem Laboratories Ltd.*, Civil Action No. 23-20354 (D.N.J.); *Janssen Pharmaceuticals, Inc. v. Hikma Pharmaceuticals USA, Inc.*, Civil Action No. 23-2942 (D.N.J.); *Celgene Corporation v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 21-10398 (D.N.J.); *Corcept Therapeutics, Inc. v. Hikma Pharmaceuticals USA Inc.*, Civil Action No. 21-5034 (D.N.J.); *Celgene Corporation v. Hikma Pharmaceuticals International Ltd.*, Civil Action No. 18-13477 (D.N.J.).

**PATENTS-IN-SUIT**

18. On May 14, 2019, the U.S. Patent and Trademark Office duly and legally issued the '036 patent, titled "Protocol for the Treatment of Lupus Nephritis." A true and correct copy of the '036 patent is attached hereto as **Exhibit 1**. The claims of the '036 patent are valid and enforceable. Aurinia is the owner of the '036 patent by assignment and has the right to enforce it.

19. On April 11, 2023, the U.S. Patent and Trademark Office duly and legally issued

the '991 patent, titled "Protocol for the Treatment of Lupus Nephritis." A true and correct copy of the '991 patent is attached hereto as **Exhibit 2**. The claims of the '991 patent are valid and enforceable. Aurinia is the owner of the '991 patent by assignment and has the right to enforce it.

20. Aurinia is the holder of NDA No. 213716 for LUPKYNIS®, voclosporin capsules for the treatment of lupus nephritis. The FDA approved NDA No. 213716 on January 22, 2021. The FDA's official publication of approved drugs, the Orange Book, lists, *inter alia*, the '036 and '991 patents for NDA. No. 213716. Aurinia markets voclosporin tablets in the United States under the trade name "LUPKYNIS®" through its subsidiary Aurinia Pharma U.S., Inc.

## HIKMA'S INFRINGING ACTIVITIES

21. Each of the preceding paragraphs 1–20 is re-alleged and re-incorporated as if fully set forth herein.

22. By letter dated February 24, 2025, addressed to Aurinia ("Notice Letter"), Hikma notified Aurinia that Hikma had submitted its Voclosporin ANDA to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).

23. The Notice Letter states that Hikma is seeking approval from the FDA to engage in the commercial manufacture, use, and sale of generic voclosporin products before the expiration of the '036 and '991 patents. On information and belief, the Voclosporin ANDA seeks approval of Hikma's generic voclosporin products that are the same, or substantially the same, as Aurinia's LUPKYNIS®.

24. On information and belief, Hikma, through its own actions and/or the actions of its agents, affiliates, and subsidiaries, intends to engage in the importation, commercial manufacture, offer for sale, and sale of generic voclosporin products after receiving FDA approval to do so.

25. On information and belief, if the FDA approves Hikma's Voclosporin ANDA, Hikma, through its own actions and through the actions of its agents, affiliates, and subsidiaries,

will actively induce or contribute to the manufacture, use, offer for sale, sale, or importation of generic voclosporin products in or into the United States.

26.    In the Notice Letter, Hikma notified Aurinia that its Voclosporin ANDA contained a "Paragraph IV certification" asserting that the '036 and '991 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Hikma's generic voclosporin product.

27.    This Complaint is being filed before the expiration of the forty-five days from the date Aurinia received the Notice Letter.

## COUNT I
## INFRINGEMENT OF THE '036 PATENT

28.    Each of the preceding paragraphs 1–27 is re-alleged and re-incorporated as if fully set forth herein.

29.    Hikma's submission of its Voclosporin ANDA with a Paragraph IV certification against the '036 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, or sale of generic voclosporin products prior to the expiration of the '036 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

30.    On information and belief, Hikma filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '036 patent are purportedly invalid, unenforceable, and/or will not be infringed.

31.    On information and belief, Hikma had actual knowledge of the '036 patent at least since its filing of its Voclosporin ANDA and at least since February 24, 2025, the date the Notice Letter was sent to Aurinia.

32. On information and belief, Hikma concedes infringement of at least one claim of the '036 patent because Hikma's Notice Letter did not provide non-infringement allegations addressing indirect infringement for multiple claims.

33. On information and belief, Hikma's generic voclosporin products will, if approved and marketed, infringe at least one claim of the '036 patent.

34. On information and belief, Hikma knows, should know, and intends that physicians will prescribe, and patients will take, Hikma's generic voclosporin products for which approval is sought in its Voclosporin ANDA and therefore, will infringe at least one claim in the '036 patent.

35. On information and belief, Hikma has knowledge of the '036 patent and, by its proposed package insert for Hikma's generic voclosporin products, knows or should know that it will induce direct infringement of at least one claim of the '036 patent, either literally or under the doctrine of equivalents.

36. On information and belief, Hikma has knowledge that its proposed package insert will recommend, suggest, encourage, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Hikma's generic voclosporin products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '036 patent.

37. On information and belief, Hikma has had and continues to have knowledge that its generic voclosporin products constitute a material part of the invention and is especially adapted for a use that infringes at least one claim of the '036 patent.

38. On information and belief, Hikma has had and continues to have knowledge that Hikma's generic voclosporin products are not a staple article or commodity of commerce suitable for substantial non-infringing use for at least one claim of the '036 patent.

39. On information and belief, upon FDA approval of Hikma's Voclosporin ANDA, Hikma will further infringe, literally or under the doctrine of equivalents, at least one claim of the '036 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic voclosporin products in the United States and/or importing such products into the United States, unless enjoined by this Court.

40. If Hikma's manufacture, marketing, and sale of generic voclosporin products prior to expiration of the '036 patent and all other relevant exclusivities is not enjoined, Aurinia will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II
## INFRINGEMENT OF THE '991 PATENT

41. Each of the preceding paragraphs 1–40 is re-alleged and re-incorporated as if fully set forth herein.

42. Hikma's submission of its Voclosporin ANDA with a Paragraph IV certification against the '991 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, or sale of generic voclosporin products prior to the expiration of the '991 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

43. On information and belief, Hikma filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '991 patent are purportedly invalid, unenforceable, and/or will not be infringed.

44. On information and belief, Hikma had actual knowledge of the '991 patent at least since its filing of its Voclosporin ANDA and at least since February 24, 2025, the date the Notice Letter was sent to Aurinia.

45. On information and belief, Hikma concedes infringement of at least one claim of the '991 patent because Hikma's Notice Letter did not provide non-infringement allegations addressing indirect infringement for multiple claims.

46. Upon information and belief, Hikma's generic voclosporin products will, if approved and marketed, infringe at least one claim of the '991 patent.

47. On information and belief, Hikma knows, should know, and intends that physicians will prescribe, and patients will take, Hikma's generic voclosporin products for which approval is sought in its Voclosporin ANDA and therefore, will infringe at least one claim in the '991 patent.

48. On information and belief, Hikma has knowledge of the '991 patent and, by its proposed package insert for Hikma's generic voclosporin products, knows or should know that it will induce direct infringement of at least one claim of the '991 patent, either literally or under the doctrine of equivalents.

49. On information and belief, Hikma has knowledge that its proposed package insert will recommend, suggest, encourage, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Hikma's generic voclosporin products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '991 patent.

50. On information and belief, Hikma has had and continues to have knowledge that its generic voclosporin products constitute a material part of the invention and is especially adapted for a use that infringes at least one claim of the '991 patent.

51. On information and belief, Hikma has had and continues to have knowledge that Hikma's generic voclosporin products are not a staple article or commodity of commerce suitable for substantial non-infringing use for at least one claim of the '991 patent.

52. On information and belief, upon FDA approval of Hikma's Voclosporin ANDA, Hikma will further infringe, literally or under the doctrine of equivalents, at least one claim of the '991 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic voclosporin products in the United States and/or importing such products into the United States, unless enjoined by this Court.

53. If Hikma's marketing and sale of generic voclosporin products prior to expiration of the '991 patent and all other relevant exclusivities is not enjoined, Aurinia will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Aurinia respectfully requests that this Court enter judgment in its favor and against Hikma and grant the following relief:

A. A judgment that the claims of the '036 and '991 patents are not invalid, not unenforceable, and are infringed by Hikma's submission of its Voclosporin ANDA, and that Hikma's making, using, offering to sell, or selling in the United States, or importing into the United States Hikma's generic voclosporin products will infringe the claims of the '036 and '991 patents.

B. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Hikma's Voclosporin ANDA shall be a date which is not earlier than the latest expiration date of the '036 and '991 patents, including any extensions and/or additional periods of exclusivity to which Aurinia is or becomes entitled.

C. An order permanently enjoining Hikma, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Hikma's generic voclosporin products until after the latest expiration date of the '036 and '991

11

patents, including any extensions and/or additional periods of exclusivity to which Aurinia is or becomes entitled.

  D. Damages or other monetary relief to Aurinia if Hikma engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Hikma's generic voclosporin products prior to the latest expiration date of the '036 and '991 patents, including any extensions and/or additional periods of exclusivity to which Aurinia is or becomes entitled.

  E. Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

Dated: April 10, 2025
       Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

OF COUNSEL:

Mark J. Feldstein (*pro hac vice* to be submitted)
Danielle A. Duszczyszyn (*pro hac vice* to be submitted)
Emily R. Gabranski (*pro hac vice* to be submitted)
C. Collette Corser (*pro hac vice* to be submitted)
Ryan V. McDonnell (*pro hac vice* to be submitted)
Emma L. Capitanelli (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Ave., N.W.
Washington, DC 20001
(202) 408-4000

*Attorneys for Plaintiff*
*Aurinia Pharmaceuticals Inc.*